```
KAREN P. HEWITT
United States Attorney
PAUL S. COOK
Assistant U. S. Attorney
California Bar No. 79010
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5687
pcook@usdoj.gov
```

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                   )<br>          Plaintiff,              )<br>                                   )<br>     v.                            )<br>                                   )<br>MANUEL DELGADO,                    )<br>                                   )<br>                                   )<br>                                   )<br>          Defendant.              )<br>                                   )<br>                                   )<br>                                   )<br>                                   )<br>                                   )<br>                                   )<br>_____) | Criminal Case No.  08CR0134-JAH<br><br>DATE: March 3, 2008<br>TIME: 11:00 a.m.<br><br><br><br>GOVERNMENT'S RESPONSE AND<br>OPPOSITION TO DEFENDANT'S<br>MOTIONS:<br><br>(1)  TO COMPEL DISCOVERY<br>(2)  FOR LEAVE TO FILE FURTHER<br>            MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS,<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES AND GOVERNMENT'S<br>MOTIONS FOR RECIPROCAL DISCOVERY<br>AND FINGERPRINT EXEMPLARS |

The United States of America, by its counsel, Karen P. Hewitt, United States Attorney, and Paul S. Cook, Assistant United States Attorney, hereby responds to and opposes Defendants' above-captioned Motions. This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities. The Government also hereby files its motion for reciprocal discovery and fingerprint exemplars.

# I
# STATEMENT OF FACTS

On Thursday October 4, 2007, at 2:52 p.m., Defendant was a passenger in a car which drove from Mexico into the United States at the Otay Mesa POE. The Defendant presented a California identification card. Due to a computer generated referral, the car and its passengers was referred to Secondary. The Defendant again claimed U.S. citizenship and stated that he was going to San Fernando, California after vacationing in Mexico.

A record check revealed that Defendant had a criminal history and had been previously deported from the United States. At 7:53 p.m. Defendant was advised of his Miranda rights. The Defendant indicated he understood his rights, agreed to speak to the Agents without an attorney present, and signed a waiver to that effect. In a video recorded interview Defendant again admitted that he was a citizen of Mexico who had been deported the day before, and had no permission to be in the United States. He also admitted that he was trying to go to Pacoima, California. Defendant was also advised of his right of Consular Notification and declined to have the Mexican Consul notified.

Defendant was ordered deported from the United States on September 6, 1996 by an Immigration Judge and was physically removed the same day. He was subsequently removed on October 3, 2007 at Calexico, California after serving his sentence for his 2006 conviction in Los Angeles Superior Court for Making a Criminal Threat.

## II
## THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

The United States is aware of its discovery obligations, and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with all discovery rules.  The United States has provided Defendants with 78 pages of discovery including: the arrest reports, the Defendant's criminal history; the Waiver form signed by Defendant; a CD of Defendant's confession; and immigration documents relevant to his deportations.  Regarding the specific requests made by the Defendant, the United States responds as follows:

1. Rule 404(b) Evidence

The United States will provide Defendant with notice of its intent to present evidence pursuant to Rule 404(b) no later than three weeks before trial or as otherwise ordered by the Court.

2. Tangible Objects

The Government will provide copies of or an opportunity to inspect all documents, including the A-File, and tangible things material to the defense, intended for use in the Government's case in chief, or seized from Defendant.

3. List and Addresses of Witnesses

The Government has provided Defendant with the investigative reports relating to this crime.  These reports include the names of the law enforcement personnel, eye witnesses and other people interviewed as part of the follow-up investigation.  The Government will provide Defendant with a list of all witnesses which it intends

to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such list is not required. See <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See <u>United States v. Hicks</u>, 103 F.3d 837, 841 (9th Cir. 1996)("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under Rule 16 of the Federal Rules of Criminal Procedure and has committed error."); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir.1977).

Federal Rule of Criminal Procedure 16 does not require the government (or the defense) to disclose the names and addresses of witnesses pretrial. Indeed, the Advisory Committee Notes reflect that the Committee rejected a proposal that would have required the parties to exchange the names and addresses of their witnesses three days before trial:

> The House version of the bill provides that each party, the government and the defendant, may discover the names and addresses of the other party's witnesses 3 days before trial. The Senate version of the bill eliminates these provisions, thereby making the names and addresses of a party's witnesses nondiscoverable. The Senate version also makes a conforming change in Rule 16(d)(1). The Conference adopts the Senate version.
>
> <u>A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial.</u> Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

<u>United States v. Napue</u>, 834 F.2d 1311, 1317-19 (7th Cir. 1987) (quoting Rule 16 advisory committee notes) (emphasis added).

    4.   <u>Expert Witnesses</u>

The Government will notify Defendant of its expert witnesses, and will comply with Fed. R. Crim. P. 16(a)(1)(G).

### III
### LEAVE TO FILE FURTHER MOTIONS

The Government has no objection to this motion.

### IV
### THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

The discovery provided to Defendants, at their request, includes documents and objects which are discoverable under Rule 16(a)(1)(E). Consequently, the Government is entitled to discover from the defendant any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in Defendant's possession, custody or control and which Defendant intends to use in the Defendant's case-in-chief. <u>See</u> Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendants'. The new rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form

these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

## V
## MOTION FOR FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

## VI
## CONCLUSION

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery and fingerprint exemplars be granted.

Date: February 25, 2008.

    Respectfully submitted,

    KAREN P. HEWITT
    United States Attorney

    s/Paul S. Cook
    PAUL S. COOK
    Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,   )   Case No. 08cr0134-JAH
                            )
          Plaintiff,        )
                            )
     v.                     )
                            )   CERTIFICATE OF SERVICE
MANUEL DELGADO,             )
                            )
          Defendant.        )
_____ )
```

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Christian De Olivas

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2008.

                                                s/Paul S. Cook
                                                PAUL S. COOK